UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE FIGUEROA,<br>   *Plaintiff,* | :<br>:<br>: |
| v. | :    No. 3:23-cv-1625 (VAB) |
| CORRECTIONAL OFFICER SIERRA,<br>   *Defendant.* | :<br>:<br>:<br>: |

**INITIAL REVIEW ORDER**

Jose Figueroa, a *pro se* plaintiff, and who was formerly incarcerated, has filed a Complaint under 42 U.S.C. § 1983. He names Correctional Officer Sierra as the only Defendant. Mr. Figueroa alleges deliberate indifference to a serious medical need by Officer Sierra, who allegedly failed to immediately summon medical assistance. He seeks damages only.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A. Based on this initial review, the Court orders as follows: The case will proceed on the claim for deliberate indifference to serious medical needs against Officer Sierra.

I.      **FACTUAL ALLEGATIONS**[1]

On September 21, 2023, at about 5:30 a.m., Mr. Figueroa allegedly experienced severe stomach pains. ECF No. 1 ¶ 1. He allegedly reported his symptoms to Officer Sierra, the third-shift officer. *Id.* ¶ 2. Officer Sierra allegedly stated, "I don't give a f—k. You have to either wait for 1st shift or throw yourself on the floor and I'll call a code white." *Id.* ¶ 3.

Mr. Figueroa allegedly was unable to move and waited for the first shift officer. *Id.* ¶ 4. Mr. Figueroa allegedly reported his symptoms to the officer and was immediately sent to the medical unit. *Id.* ¶ 5.

At sick call, the nurse allegedly checked Mr. Figueroa's vital signs and noted that his blood pressure was low and he had a fever. *Id.* ¶ 6. The nurse allegedly sent Mr. Figueroa to UConn Health Center where he allegedly was diagnosed with a stomach infection and provided treatment. *Id.* ¶¶ 7–8.

II.     **DISCUSSION**

To state a plausible Eighth Amendment claim, Mr. Figueroa must allege facts "showing the offending official's 'deliberate indifference to [his] serious medical needs.'" *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). There are two elements to a claim for deliberate indifference to medical needs. The first element is objective. The inmate must "show that he was 'actually deprived of adequate medical care' by an official's failure 'to take reasonable measures in response to a [sufficiently serious] medical condition.'" *Id.* (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (internal quotation marks omitted)). Establishing an objectively serious deprivation requires the court to

---

[1] For purposes of initial review, the Court considers all of the following allegations to be true.

2

make two separate inquiries. First, the court must determine whether the inmate "was actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279. The medical providers are only required to have "act[ed] reasonably." *Id.* The second inquiry requires the court to determine "whether the inadequacy in medical care is sufficiently serious. This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* at 280. Thus, although the objective element sometimes is referred to as the seriousness of the medical need, that is only one factor evaluated in determining the seriousness of the deprivation of medical care. *See id.*

If the claim is for denial of any treatment, the court will consider "whether the inmate's medical condition is sufficiently serious." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects the individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

If, however, the claim is for a delay in treatment, the court focuses on the challenged delay rather than merely on the underlying medical condition to determine whether the alleged

3

deprivation is sufficiently serious. The court considers "the seriousness of the particular risk of harm that resulted from 'the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" *Bellotto v. County of Orange*, 248 Fed. App'x 232, 236 (2d Cir. 2007) (quoting *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003)). "A delay in treatment does not violate the constitution unless it involved an act or failure to act that evinces "a conscious disregard of a substantial risk of serious harm." *Rodriguez v. Doe*, No. 3:22-CV-763(MPS), 2023 WL 184253, at *3 (D. Conn. Jan. 13, 2023) (citations and internal quotation marks omitted).

The second element is subjective. The inmate must show "that the official acted with a culpable state of mind of 'subjective recklessness,' such that the official knew of and consciously disregarded 'an excessive risk to inmate health or safety.'" *Wolf,* 832 F. App'x at 92 (citations omitted). Allegations constituting negligence or medical malpractice are insufficient to support an Eighth Amendment deliberate indifference claim. *Id.* (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("mere negligence' is insufficient to state a claim for deliberate indifference). Thus, for a claim based on delay of treatment, the inmate must show that the defendant "delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for several days, or delayed major surgery." *Myrie v. Calvo*, 615 F. Supp. 2d 246, 248 (S.D.N.Y. 2009) (citation omitted); *see also Stewart v. City of New York*, No. 15-CV-4335, 2018 WL 1633819, at *8-9 (S.D.N.Y. Mar. 31, 2018) (dismissing deliberate indifference claim where plaintiff did not allege that the defendant "acted intentionally to delay the provision of medical treatment in a way that subjected [the plaintiff] to an excessive risk of harm"); *Bell v. Jendell*, 980 F. Supp. 2d 555, 562 (S.D.N.Y. 2013) (allegation of delay in provision of medical treatment without allegation that

delay was intentional or reckless is insufficient to support Eighth Amendment deliberate indifference claim) (collecting cases).

Mr. Figueroa alleges deliberate indifference by Officer Sierra to his serious medical need, who allegedly refused to provide Mr. Figueroa medical care during his shift. Information on the Department of Correction website shows that Mr. Figueroa was sentenced on April 26, 2023 to a term of imprisonment of one year. *See* [www.ctimnateinfo.state.ct.us/detailsupv.asp?id_inmt_num=240587](www.ctimnateinfo.state.ct.us/detailsupv.asp?id_inmt_num=240587). The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). Thus, as Mr. Figueroa was a sentenced inmate at the time of the incident underlying this action, his claims are cognizable under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are brought under the Eighth Amendment while claims of pretrial detainees are brought under the Fourteenth Amendment).

Mr. Figueroa alleges that he suffered from a stomach infection and that he was sent to the hospital for treatment. But his specific claim is that Officer Sierra delayed any medical treatment from 5:30 a.m. until the start of the first shift, presumably at 7:00 a.m. Thus, the Court must determine whether a delay of, at most, two hours satisfies the objective element of the deliberate indifference test.

While Mr. Figueroa alleges that his condition worsened before he was seen by medical staff, based on the current record, the Court cannot determine the effect of the delay. Based on Officer Sierra's statement, however, the Court finds that Mr. Figueroa has plausibly alleged that Officer Sierra consciously disregarded a substantial risk of harm to Mr. Figueroa because he

refused to take any action to address Mr. Figueroa's severe stomach pain.

Accordingly, based on these factual allegations, the case will proceed for further development of the record.

### III. CONCLUSION

The case will proceed on the claim for deliberate indifference to serious medical needs against Officer Sierra.

The Court enters the following additional order.

(1)     **The Clerk of Court shall** contact the Department of Correction Office of Legal Affairs to ascertain a current service address for defendant Sierra, mail a waiver of service of process request packet containing the Complaint and this Order to the defendant at the address provided by **February 16, 2024**, and report to the court on the status of the waiver request by **March 2, 2024**. If the Defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on the Defendant in his individual capacity and the defendant shall be required to pay the cost of such service.

(2)     **The Clerk of Court shall** send Mr. Figueroa a copy of this Order.

(3)     **The Clerk of Court shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The Defendant shall file his response to the Complaint, either an Answer or motion to dismiss by **April 19, 2024**. If he chooses to file an Answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(5)     Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be

completed by **August 23, 2024**. Discovery requests need not be filed with the court.

  (6) All motions for summary judgment shall be filed by **September 27, 2024**.

  (7) Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

  (8) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. The Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. The Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

  (9) The Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on Defendant's counsel by regular mail.

  (10) The Clerk of Court shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to the plaintiff.

  SO ORDERED.

  Dated this 26th day of January 2024 at New Haven, Connecticut.

                /s/ Victor A. Bolden
                Victor A. Bolden

United States District Judge