# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE FIGUEROA, *Plaintiff*, <br><br> v. <br><br> DENNY SIERRA, *Defendant.* | No. 3:23-cv-1625 (VAB) |

## RULING ON MOTION FOR LEAVE TO AMEND

Jose Figueroa ("Plaintiff"), formerly incarcerated, brings this action pursuant 42 U.S.C. § 1983 against Correctional Officer Denny Sierra ("Officer Sierra"), and claims that Officer Sierra was deliberately indifferent to his serious medical need by failing to immediately summon medical assistance.

Mr. Figueroa has filed a motion to amend his complaint to add a First Amendment retaliation claim.

For the following reasons, the motion to amend is **DENIED** without prejudice.

Under Federal Rule of Civil Procedure 15(a), Mr. Figueroa may amend his Complaint once, as of right. He must seek to do so "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Officer Sierra filed a "responsive pleading," his Answer, on May 30, 2024. ECF No. 26. As a result, Mr. Figueroa had to move to amend his Complaint as of right, by June 20, 2024, twenty-one days after the filing of the Answer. Mr. Figueroa did not file his motion to amend his Complaint, however, until September 16, 2024, well after the deadline.

Accordingly, Mr. Figueroa may not amend his Complaint as a matter of right.

Under Rule 15, Mr. Figueroa must now move to amend this Complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). There is no indication that the "opposing party" provided "written consent" for his motion. Indeed, Officer Sierra has opposed Mr. Figueroa's motion to amend his Complaint. *See* ECF No. 33.

Accordingly, in the absence of the written consent of the "opposing party," Mr. Figueroa must obtain leave of this Court.

In general, leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend, however, for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 192 (1962) (internal quotation marks omitted). The non-moving party bears the burden of showing prejudice, bad faith, or futility of the amendment. *See Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 380 (S.D.N.Y. 2022) (citation omitted).

"The Second Circuit has held repeatedly that mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion . . . ." *Halloran v. Harleyville Preferred Ins. Co.*, No. 3:16-CV-00133(VAB), 2018 WL 780214, at *5 (D. Conn. Feb. 8, 2018) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000)) (internal quotation marks omitted); *see also Ruotolo*, 514 F.3d at 191 ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). But, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings

2

after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340.

"Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *AEP Energy Servs. Gas Holding Co. v. Bank of America N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (citing *State Teachers Ret. Bd.*, 654 F.2d at 856). Courts have typically found amendments to be prejudicial in circumstances where discovery has been completed and the case is near or on the even of trial. *See, e.g., Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend as "especially prejudicial given the fact that discovery had already been completed and [the defendant] had already filed a motion for summary judgment"); *Krumme v. WestPoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (determining same where "case was near resolution and discovery had been completed").

Officer Sierra opposes the motion on the grounds of delay and prejudice, arguing that Mr. Figueroa has failed to prosecute this case diligently, has failed to comply with court orders, and has demonstrated uncooperative behavior throughout this litigation.

Mr. Figueroa has not timely filed a response to Defendant's motion.

The Court agrees with Officer Sierra, for now.

Originally, discovery had to be completed by August 23, 2024. ECF No. 14 at 6-7. With the consent of both parties, the Court extended the discovery deadline to September 23, 2024, ECF Nos. 28, 29, an extension necessitated by Mr. Figueroa's failure to comply with the Court's Initial Discovery Disclosure Order and unwillingness to proceed without counsel. *See* ECF No. 27 ("defendants also note that, as of the filing of this Notice, they have not received any initial

disclosures from plaintiff"); ECF No. 28 at 2 ("the defendants seek the instant extension of the discovery deadline, extending that deadline to September 23, 2024, so that the plaintiff has the time obtain an attorney as he has indicated, and so that the defendants have time to conduct the plaintiff's deposition."). On September 12, 2023, Mr. Figueroa agreed to be deposed, but did not finish his deposition; he simply left in the middle of it. *See* Dep. Tr., ECF No. 33-8. He then filed this motion to amend one week before the close of discovery.

In his motion, Mr. Figueroa provides no reason for waiting until the close of discovery to seek leave to amend. Indeed, his proposed retaliation claim had to have been known to him before this lawsuit's initial filing. As a result, because of Mr. Figueroa's dilatory tactics, including but not limited to delaying the filing of this motion, and his unilateral decision to terminate his deposition, as well as the pending motion to dismiss filed by Mr. Sierra, the Court will deny him leave to amend his Complaint without prejudice to refiling, if the pending motion to dismiss does not otherwise resolve this case. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.")

Accordingly, the motion to file First Amended Complaint, **ECF No. 30**, is **DENIED** without prejudice and the motion for order on Plaintiff's motion to amend Complaint, **ECF No. 34**, is **DENIED** as moot.

**SO ORDERED** at New Haven, Connecticut, this 18th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE