UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE FIGUEROA,<br>*Plaintiff*,<br><br>v.<br><br>DENNY SIERRA,<br>*Defendant*. | No. 3:23-cv-1625 (VAB) |

**ORDER DISMISSING CASE**

Jose Figueroa ("Plaintiff"), formerly incarcerated, brings this action under 42 U.S.C. § 1983 against Correctional Officer Denny Sierra ("Officer Sierra"), and claims that Officer Sierra was deliberately indifferent to his serious medical need by failing to immediately summon medical assistance. On October 25, 2024, Officer Sierra moved to dismiss Mr. Figueroa's case for failure to prosecute, citing Mr. Figueroa's repeated failure to engage in discovery and comply with court orders and his failure to participate in his deposition. *See* ECF No. 36. When Mr. Figueroa failed to respond to Officer Sierra's motion to dismiss, filed nearly three months ago, the Court issued an order to show cause on December 4, 2024. *See* ECF No. 37. Over six weeks have passed without Mr. Figueroa responding to the Court's order to show cause. Over four months have passed since Mr. Figueroa last made any effort to prosecute his case. *See* ECF No. 31 (Mr. Figueroa's motion for counsel filed on September 16, 2024).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss the action if the plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Harding v. Goord*, 135 F. App'x 488, 488 (2d Cir. 2005). To determine whether dismissal under Rule 41(b) is appropriate, the court must consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2)

1

plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys.*, *Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No one factor is dispositive." *Id*.

Four months of inactivity is "a delay of significant duration." *Drake*, 375 F.3d at 254; *see*, *e.g.*, *Kearney v. City of New York,* 2003 WL 22682721 at *1–2 (S.D.N.Y. Nov. 6, 2003) (Rule 41(b) dismissal warranted where plaintiff failed to respond to several of defendants' discovery requests and did not pursue her claim for a period of approximately four months); *Antonios A. Alevizopoulous & Assoc, Inc. v. Comcast Int'l Holdings, Inc.,* No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov, 8, 2000) (four months delay warranted dismissal); *Kent v. Scamardella*, No. 07 CIV. 844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (concluding that "[a]lthough three months is not necessarily a delay of 'significant duration,' the delay here has functioned as a complete block to moving this litigation forward, despite the efforts of defendants and the Court to do so." (internal citation omitted)).

Due to Mr. Figueroa's non-responsiveness both to defense counsel and to the Court, Officer Sierra has incurred prejudice by his inability to obtain resolution of a case pending since December of 2023. The Court has provided notice advising Mr. Figueroa that failure to timely respond to the Court's order to show cause may result in the dismissal of this case. *See* ECF No. 37. The Court has also attempted, without success, to elicit a response from Mr. Figueroa so that he may be heard. *See id.* As Mr. Figueroa has chosen not to participate in this action, lesser sanction than dismissal is not warranted because his conduct manifests his abandonment of this

action. Thus, after carefully considering the relevant factors above, the Court **DISMISSES** this case for failure to prosecute.

Accordingly, the Clerk of Court is respectfully instructed to close this case for failure to prosecute under Rule 41(b). Officer Sierra's motion to dismiss (ECF No. 36) is **DENIED** as moot.

**SO ORDERED** at New Haven, Connecticut, this 17th day of January, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE